**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus Guillermo BUENO–MARTINEZ,**
**Defendant–Appellant.**

**No. 10–30182.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2011.

Filed July 15, 2011.

Tim Szambelan, Esquire, Office of the City Attorney, Spokane, WA, Stephanie A.

---

Van Marter, Assistant U.S., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

John R. Crowley, The Crowley Law Firm, PLLC, Seattle, WA, for Defendant–Appellant.

Before: REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Jesus Guillermo Bueno–Martinez (Bueno–Martinez) appeals the district court's denial of his motion to suppress evidence seized from his car pursuant to a consent search, following which he entered a conditional guilty plea to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Bueno–Martinez contends (1) that the stop of his car, while initially supported by reasonable suspicion, was unlawfully prolonged after he produced valid identification; and (2) that he was advised of his rights only in English, a language that he does not sufficiently comprehend.

1. There was reasonable suspicion to justify the initial *Terry* stop because the officers' collective knowledge provided reasonable suspicion that Bueno–Martinez was his brother, for whom there was an outstanding arrest warrant. *See United States v. Ramirez,* 473 F.3d 1026, 1036–37 (9th Cir.2007). Detaining Bueno–Martinez for approximately eleven minutes to conclusively determine his identity was rea-

sonable because the officers "diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly …" *United States v. Torres–Sanchez,* 83 F.3d 1123, 1129 (9th Cir.1996), *as amended* (citation omitted).

2. The district court's underlying factual finding that Bueno–Martinez voluntarily consented to the search of his car was not clearly erroneous. *See United States v. Pang,* 362 F.3d 1187, 1191 (9th Cir.2004). Bueno–Martinez was not restrained, the atmosphere of the stop was relaxed, no weapons were drawn, the agents informed Bueno–Martinez of his right to refuse consent, and the agents did not threaten him with obtaining a search warrant if he did not consent. *See United States v. Chan–Jimenez,* 125 F.3d 1324, 1327 (9th Cir. 1997).

"To the extent that reasonable minds could differ" regarding whether Bueno–Martinez was sufficiently proficient in the English language to voluntarily consent in that language "we cannot reverse the finding of the district court here under clear error review." *United States v. Patayan Soriano,* 361 F.3d 494, 503 (9th Cir.2004), *as amended* (citation omitted); *see also United States v. Kaplan,* 895 F.2d 618, 622 (9th Cir.1990) (noting that "evidence regarding the question of consent must be viewed in the light most favorable to the fact-finder's decision") (citation omitted).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.